STATE of Wisconsin, Plaintiff-Respondent,

v.

David S. LLOYD, Defendant-Appellant.

Court of Appeals

*No. 80–1690–CR. Submitted on briefs May 28, 1981.—*
*Decided August 5, 1981.*
(Also reported in 310 N.W.2d 617.)

For the defendant-appellant the cause was submitted on the brief of *Walter W. Stern* of Kenosha.

For the plaintiff-respondent the cause was submitted on the brief of *Jerold W. Breitenbach* of *Schroeder, Ventura, & Breitenbach* of Kenosha.

Before Decker, C.J., Voss, P.J., and Brown, J.

DECKER, C.J. In this hit-and-run prosecution, defendant was found guilty of failing to remain at an accident scene to render assistance to an injured person and to provide information, contrary to secs. 346.67(1)(a) and (c),[1] and 346.74(5), Stats. We affirm the judgment

[1] Section 346.67(1), Stats., provides:

346.67 Duty upon striking person or attended or occupied vehicle. (1) The operator of any vehicle involved in an accident resulting in injury to or death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the following requirements:

(a) He shall give his name, address and the registration number of the vehicle he is driving to the person struck or to the operator or occupant of or person attending any vehicle collided with; and

of conviction, but vacate the sentence and remand for resentencing consistent with this opinion.

David S. Lloyd was operating his automobile with a companion sitting on the automobile hood. A motorcycle suddenly pulled in front of the automobile, and the auto struck the motorcycle. The motorcycle driver was thrown into the oncoming traffic lane and Lloyd's companion fell off the car onto the roadway in front of the automobile upon which he was riding. The motorcycle driver appeared to be unconscious and breathing irregularly. An oncoming automobile struck him and dragged his body beneath the automobile for over a mile. Defendant claimed that he assisted his injured companion into his automobile and left the scene. Key issues at trial were whether defendant left the scene before or after the second accident, and what, if anything, he did while at the scene.

After a preliminary hearing, the district attorney and defense counsel entered into a stipulation for dismissal of the information with prejudice, which the trial court refused to approve. The trial court *sua sponte* appointed a special prosecutor to continue the action, and then refused to disqualify itself prior to trial.

Defendant makes the following contentions on appeal:

(1) the trial court abused its discretion when it refused to dismiss the information;

(2) the trial court was without authority to appoint a special prosecutor;

(b) He shall, upon request and if available, exhibit his operator's license to the person struck or to the operator or occupant of or person attending any vehicle collided with; and

(c) He shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

(3) the trial court should have disqualified itself on the grounds of appearance of impropriety;

(4) the trial court should have granted defendant's motion to dismiss at the close of the state's case in chief;

(5) defendant fulfilled his statutory obligation of rendering assistance when he aided his companion who was thrown from the hood of defendant's automobile;

(6) the jury instructions misstated the elements of the offense and were confusing to the jury; and

(7) imposition of both a sentence and fine is excessive.

## REFUSAL TO DISMISS THE INFORMATION

"Prosecutorial discretion to terminate a pending prosecution in Wisconsin is subject to the independent authority of the trial court to grant or refuse a motion to dismiss 'in the public interest.'" *State v. Braunsdorf,* 98 Wis. 2d 569, 574, 297 N.W.2d 808, 810 (1980) (quoting *State v. Kenyon,* 85 Wis. 2d 36, 45, 270 N.W.2d 160, 164 (1978)). To ensure that a trial court's decision to deny a motion to dismiss is "in the public interest," the trial court should, in all cases, make a minimum finding regarding the impact of its ruling upon: (1) the public interest in proper enforcement of its laws; and (2) the public interest in allowing the prosecutor sufficient freedom to (a) exercise his legitimate discretion; (b) employ to best effect his experience and training; and (c) make the subjective judgment implicit in the exercise of the broad prosecutorial authority granted by sec. 59.47, Stats. *State v. Kenyon, supra,* 85 Wis. 2d at 47, 270 N.W.2d at 165. No such finding was made in this case.

[W]hen faced with inadequate findings, an appellate court may: (1) look to an available memorandum decision for findings and conclusions; (2) review the record

anew and affirm if a preponderance of the evidence clearly supports the judgment; (3) reverse if the judgment is not so supported; or (4) remand for further findings and conclusions. *Minguey v. Brookens,* 100 Wis. 2d 681, 688, 303 N.W.2d 581, 583 (1981).

We choose to review the record *ab initio* because no memorandum decision is available and because a remand after the action has proceeded to trial and judgment would be more wasteful of judicial efficiency than our record review. To facilitate appellate review and avoid summary remand in the future, however, the trial court is reminded to make appropriate findings on the record.

The original information filed by the district attorney charged defendant with failure to return to and remain at the accident scene to render reasonable assistance to the injured motorcycle driver.[2]

The district attorney, without specifying the evidence, advised the trial court that the case as charged lacked prosecutorial merit because the preliminary hearing testimony established as a legal defense an "intervening accident" which prohibited defendant from satisfying his statutory obligations. Although then, as now, defendant urged that theory, defense counsel accurately related to the trial court that the only eyewitness who testified at the preliminary hearing believed that: defendant brought his vehicle to a stop; the fallen companion entered the auto; and defendant left the accident scene before the motorcycle driver was struck by the oncoming vehicle. It was apparent that whether defendant left the accident scene before or after the second accident, he nonetheless failed to fulfill any of his statutory obligations regarding the injured motorcyclist.

[2] Upon motion of the special prosecutor prior to trial, the information was amended to charge defendant with failing to remain at the scene to render reasonable assistance and provide information to the injured motorcycle driver.

The public has a strong interest in enforcement of its laws, and at this early stage of the proceedings, after the jurisdiction of the court was invoked and probable cause had been found, the record clearly supported continuation of the action. Contrary to the district attorney's assertions of legal defense, the uncontradicted evidentiary record established an opportunity for defendant to render reasonable assistance to the injured motorcycle operator, or, alternatively, almost immediate departure from the scene in disregard of such opportunity. The record as developed at the time of the ruling clearly supports the trial court's denial of the motion to dismiss.

## APPOINTMENT OF SPECIAL PROSECUTOR[3]

Defendant contends that because the district attorney did not request appointment of a special prosecutor pursuant to sec. 59.44(2), Stats., the trial court was without appointive authority. Sec. 59.44(2) is not the exclusive means by which a court can appoint a special prosecutor. *Guinther v. City of Milwaukee,* 217 Wis. 334, 258 N.W. 865 (1935) (cited with approval in *State v. Braunsdorf, supra,* 98 Wis. 2d at 573–74, 297 N.W.2d at 810, and *State v. Kenyon, supra,* 85 Wis. 2d at 43–44, 270 N.W.2d at 163–64), establishes that a trial court may appoint counsel to prosecute when the district attorney refuses to continue the action. A trial court should specifically make a finding with respect to whether the prosecutor has refused to continue the action. Such a finding was not made, and again we are required to review the record to determine whether a preponderance of the evidence clearly supports such a finding.

---

[3] The state appears in this appeal represented by the special prosecutor with the consent of the attorney general, pursuant to sec. 59.47(7), Stats.

The special prosecutor was appointed during a hearing which began with the district attorney summarizing his position regarding the stipulation for dismissal as one where the state, in reviewing the charges, is "declining to go forward." At the same hearing the trial court denied dismissal of the action. The appointment of a special prosecutor at this point was authorized (*Guinther, supra,* cited with approval in *Braunsdorf* and *Kenyon*) because the preponderance of the evidence establishes that the district attorney refused to continue the action.

Even if the preponderance of the evidence did not establish, at that point, that the district attorney refused to continue the action, there was a specific refusal made soon thereafter. The special prosecutor wrote the district attorney, asking whether he would prosecute the case. There was no answer. The special prosecutor brought this specific matter before the trial court and the trial court, on the record, demanded to know if the district attorney's office would prosecute the case. The district attorney's office refused unless the trial judge recused himself. We find this to be a concrete refusal sufficient to bring this action within the confines of *Guinther.*

## REFUSAL TO DISQUALIFY

Defendant does not claim any actual prejudice on behalf of the trial court amounting to a denial of his due process right to a fair trial. *State ex rel. Mitchell v. Bowman,* 54 Wis. 2d 5, 6, 194 N.W.2d 297, 298 (1972). *See State v. Bell,* 62 Wis. 2d 534, 536–37, 215 N.W.2d 535, 537 (1974). Instead, he relies on *State v. Asfoor,* 75 Wis. 2d 411, 436, 249 N.W.2d 529, 540 (1977), where our supreme court stated that although a judge acts

fairly in a case, he should recuse himself where his impartiality can reasonably be questioned.

To support his claim of an appearance of partiality, defendant cites the trial court's refusal to dismiss the action and its appointment of a special prosecutor. Because we have already found no error in these actions, they cannot be considered reasonable grounds for a claim of partiality.

Defendant also cites trial court proceedings held without the presence, due to illness, of defense counsel. The hearing in question concerned the motion to dismiss and the appointment of a special prosecutor, and was not a critical stage of the prosecution. One determination involved consideration of whether the district attorney refused to continue the prosecution, and the other involved consideration of public interest regarding dismissal. Defense counsel had stated his views regarding dismissal at an earlier proceeding, and did not demonstrate to the trial court or to this court what further aid he could be to the trial court's determination of public interest. The simple elicitation in open court of the district attorney's refusal to prosecute similarly did not implicate defendant's right to counsel in this case.

Defendant places heavy emphasis upon alleged trial court *ex parte* communications with the victim's parents, and the fact that notice of proceedings was sent to them. The trial court explained that its meeting with the parents was unsolicited and consisted of its ascertaining who they were, explaining that it could not discuss the case with them, and sending them away. Such a meeting cannot reasonably call the trial court's impartiality into question. Defendant urges us to consider the meeting together with the trial court's refusal to dismiss the action and its appointment of a special prosecutor. The latter actions were not erroneous and reflect no bias. Defendant's reliance upon them adds no support to his claim.

## DENIAL OF MOTION TO DISMISS

Defendant contends that the trial court erred when it denied his motion to dismiss at the close of the state's case. Because no subsequent motion for dismissal was made at the close of the defense case, we examine only the evidence adduced in the state's case to determine whether a jury, acting reasonably and construing such evidence most favorably to the prosecution, could have found the defendant guilty beyond a reasonable doubt. *Bere v. State,* 76 Wis. 2d 514, 526, 251 N.W.2d 814, 819 (1977).

To show a violation of sec. 346.67, Stats., the state must prove beyond a reasonable doubt that:

(1) defendant operated a motor vehicle involved in an accident;
(2) the accident resulted in injury to any person;
(3) defendant knew that he had been involved in such an accident;
(4) defendant did not remain at the scene of the accident until he had:

(a) given his name, address, and the registration number of the vehicle he was driving to the operator of or person attending any vehicle collided with; and
(b) rendered to any person injured in such accident reasonable assistance including the carrying or the making of arrangements for the carrying of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person;

(5) defendant was physically capable of complying with the above requirements.[4]

Construing the evidence in the state's case most favorably to the prosecution, the record contains an admission

---

[4] These elements reflect the jury instruction given in this case. Defendant's exception to this instruction is addressed *infra.*

made by defendant to a deputy sheriff that defendant was the operator of the automobile which struck a motorcycle at the time and place in question, and that defendant left the scene. An eyewitness testified that the motorcycle driver was thrown twenty feet into the oncoming traffic lane and was unconscious, moaning, and breathing irregularly. Two eyewitnesses stated that the defendant's automobile stopped adjacent to the fallen motorcycle driver. The first eyewitness did not deny or contradict his preliminary examination testimony, read to the jury, that the automobile was gone from the scene when the motorcycle driver was struck by an oncoming automobile three or four minutes later. This testimony is consistent with that of a second eyewitness who said she observed the second impact while standing adjacent to the fallen motorcycle driver, where the first automobile had initially stopped, and at that time could not see the first automobile anywhere. It is also consistent with testimony of the driver of the oncoming automobile that she swerved to the left to avoid the accident scene, and at that time and place observed no other automobiles on or adjacent to the roadway. Both eyewitnesses testified that they never saw anyone exit from the first automobile.

A jury, believing and rationally considering this evidence, could find that defendant operated a vehicle involved in an accident with a motorcycle and resulting in injury to the motorcycle driver, that defendant knew he was involved in such an accident, and that defendant drove off and failed to remain at the accident scene. We need not postulate other evidentiary bases for denying the motion to dismiss. The trial court did not err when it denied defendant's motion to dismiss.

Defendant claims that due to the short time between the first and second impacts, the state failed to prove he had time and ability to fulfill his statutory obligations. The jury could have concluded from the state's evidence that defendant left the scene before the second impact. Alternatively, the jury could have concluded that defendant made no effort to fulfill his statutory obligations during a span of time sufficient for one eyewitness to stop her automobile fifty yards from the accident scene, stand in the roadway next to her automobile to view the scene, walk back to the scene and enter a nearby tavern to ensure that police had been called, walk across the street, observe the approach of the oncoming automobile, and call to her fiance, who was attempting to flag down the oncoming automobile, to get out of the roadway.

Defendant also claims error because the state never proved that he failed to provide information or assistance. The state adduced evidence that no one ever exited from the automobile which struck the motorcycle, and this is sufficient to defeat defendant's motion to dismiss.

During cross-examination defendant introduced preliminary hearing testimony of an investigating officer that defendant stated he got out of his automobile after the first impact to help his fallen companion who had been sitting on the hood of defendant's automobile before the accident. Defendant argues that by helping his companion back into his automobile, he satisfied his statutory obligations toward "any" person injured in the accident.[5] Our search of the record failed to disclose any evidence *at this point of the trial* that defendant's companion was injured. The record also contains testimony by two eyewitnesses that no one ever exited from defendant's automobile. The first eyewitness testified that defendant's companion got up by himself and walked back to and entered defendant's automobile.

---

[5] We reject this construction of sec. 346.67 (1) (c), Stats., below.

## USE OF "ANY" IN SECTION 346.67(1)(c), STATS.

Defendant complains that the trial court never defined the term "any" as used in sec. 346.67(1)(c), Stats., which requires the operator of a motor vehicle involved in an accident to render aid to "any" person injured in an accident. He contends that "any" means "at least one," and that he fulfilled his statutory duty by getting out of his automobile, helping his injured companion who had been sitting on the hood of the automobile into the back seat, and leaving the scene.

We have already noted that the defendant's claim to having assisted his companion is contradicted by credible evidence. The factual premise for his claim to have assisted "any" person has not been established. The jury could have found otherwise.

Defendant's argument ignores the additional, conjunctive requirement of sec. 346.67(1)(a), Stats., that the operator must give his name, address, and registration number of the vehicle he is driving to the person struck, or the operator, occupant, or person attending the other colliding vehicle. The record establishes that defendant never attempted to fulfill that statutory obligation. The companion was neither struck nor operator, occupant, or person attending the other colliding vehicle.

The argument also ignores the express language of sec. 346.67(1)(c), Stats., that rendering aid includes the carrying of "any person injured" to medical or surgical treatment personnel "if it is apparent that such treatment is necessary." Defendant claims he assisted his companion into the back seat of his car, took him home, and helped him to his front door. Defendant told his companion to tell his parents that he received his injuries in a bar fight. His companion's parents took him to the nearest hospital after observing his injuries. The record establishes that defendant failed to satisfy the

requirement of sec. 346.67(1)(c) regarding his own companion.

For the above evidentiary reasons, defendant's legal argument is meritless. Nonetheless, we reject defendant's legal construction of the word "any" as used in sec. 346.67(1)(c), Stats. He relies on a dictionary definition that "any" means "one or more indiscriminately" to argue it means "at least one." In fact, his argument is actually that "any" means "only one" or "no more than one." Defendant argues that if five people were injured in an accident, the operator would not have the duty to render aid to all of them. We disagree. Under sec. 346.67(1)(c), the operator can discharge his or her duty to render aid by making arrangements for ambulance conveyance. Defendant's argument, taken to its logical extension, would permit an operator to discharge his statutory obligation by calling an ambulance for one of the injured persons and letting the other four persons lie unattended. We reject this argument. It is self-evident from the dictionary definition cited by defendant that the word "any" was chosen by the legislature to cover both situations where only one person is injured and where many persons are injured.

## JURY INSTRUCTIONS

Defendant objects to the jury instruction on the offense that was given by the trial court because, unlike the pattern instruction, Wis J I—Criminal 2670, it failed to inform the jury that the state had to prove beyond a reasonable doubt that defendant "did not immediately stop his vehicle at the scene of the accident or as close thereto as possible."[6] Defendant argues that because the

---

[6] This is the fourth of six elements listed in Wis J I—Criminal 2670.

standard jury instruction lists this as an element of the offense, the jury in this case was not instructed on an essential element.

The elements of the duty described in sec. 346.67, Stats., and required of the operator of a vehicle involved in an accident resulting in personal injury or damage to a vehicle are to "in every event" remain at the accident scene until he or she has: (a) provided information; (b) exhibited his operator's license if requested; and (c) rendered aid.

Defendant's argument is addressed to "failure to remain at the scene until the above requirements have been met" which is proscribed and penalized by sec. 346.74 (5). Failure to stop is merely one manner of committing the crime, as is failure to return to the scene. Defendant's stop at the accident scene is undisputed. Deletion of the failure-to-stop language from the jury instruction did not lessen or relieve the state's burden of proving beyond a reasonable doubt that defendant failed to remain at the scene until he had fulfilled the specified statutory requirements.

## SENTENCE

Section 346.74(5), Stats., provides in pertinent part that: "Any person violating any provision of s. 346.67 may be fined not less than $5 nor more than $5,000 or imprisoned not less than 10 days nor more than one year if the accident involved death or injury to a person."

The trial court sentenced defendant to seven months in the county jail and imposed a fine of $2,500. The plain language of sec. 346.74(5), Stats., quoted above, allows either confinement or a fine, but not both. The trial

court exceeded its jurisdiction in imposing both confinement and a fine, and we vacate that portion of the judgment and remand for resentencing in conformity with the statute.

This result is not affected by the determination in *State ex rel. McDonald v. Douglas County Circuit Court,* 95 Wis. 2d 423, 290 N.W.2d 559 (Ct. App. 1980), pronounced on the sentencing date in this case, that violation of sec. 346.67, Stats., constitutes a misdemeanor, nor by the supreme court's reversal of that determination, 100 Wis. 2d 569, 302 N.W.2d 462 (1981). The question ·of whether sec. 346.74(5) allows imposition of both a fine and confinement was not addressed in either decision, and characterization of the offense as a felony or misdemeanor does not answer the question. Instead, the plain language of sec. 346.74(5), expressed in the disjunctive, compels the result we have reached.

*By the Court.*—Judgment affirmed in part, vacated in part, and cause remanded with directions.