STATE of Wisconsin, Plaintiff-Respondent,

v.

Dillard Earl KELLEY, Defendant-Appellant.

Supreme Court

*No. 81–1326–CR.  Submitted on briefs April 28, 1982.—
Decided June 2, 1982.*

(Also reported in 319 N.W.2d 869.)

For the appellant the cause was submitted on the briefs of *Donald P. Styler* and *Styler, Kostich & Weber* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *James H. McDermott,* assistant attorney general.

CECI, J. Dillard Earl Kelley (defendant) was charged by criminal information with second-degree murder, contrary to sec. 940.02(1), Stats.[1] At the close of the prosecution's case, the defendant moved to dismiss the information, arguing that there was insufficient evidence to permit the case to go to the jury. After the trial court denied the defendant's motion, the defendant testified and rested his case. The defendant did not renew his motion at the close of all the testimony. The jury returned its verdict finding the defendant guilty of manslaughter, excessive use of force in self-defense or defense of others, contrary to sec. 940.05(2).[2]

---

[1] Sec. 940.02(1), Stats., reads as follows:

"**Second-degree murder.** Whoever causes the death of another human being under either of the following circumstances is guilty of a Class B felony:

"(1) By conduct imminently dangerous to another and evincing a depraved mind, regardless of human life; or

". . ."

[2] Sec. 940.05(2), Stats., reads as follows:

"**Manslaughter.** Whoever causes the death of another human being under any of the following circumstances is guilty of a Class C felony:

". . ."

The defendant appealed challenging the trial court's denial of his motion to dismiss at the close of the prosecution's case. The court of appeals was uncertain as to the appropriate standard of appellate review applicable to a trial court's denial of a defendant's motion to dismiss made at the close of the prosecution's case where the defendant goes on to present his case. We granted certification to clarify the appropriate standard of review to be applied by the appellate courts in this type of situation.

The pertinent facts surrounding the murder are as follows:

On October 19, 1980, a fight erupted at the home of Mrs. Barbara Cloyd between Richard Lowery, the deceased (Lowery) and Larry Burgess (Burgess). Lowery was the boyfriend of Mrs. Cloyd's oldest daughter, Glenda Kay Cloyd. At the time, Burgess was the boyfriend of Mrs. Cloyd's second oldest daughter, Terri Lynn Cloyd.

Terri Lynn Cloyd testified that after the fight she telephoned the defendant. She asked the defendant to pick up Burgess at the Cloyd residence and take him to work. Terri Lynn Cloyd also testified that she informed the defendant about the fight that had taken place between Burgess and Lowery.

In response to the telephone call, the defendant drove to the Cloyd residence. When defendant arrived there, Burgess, who was located in the bathroom on the second floor, shouted to him that Lowery had a gun and was trying to shoot him. Burgess also told the defendant to "come up and get me." The defendant attempted to enter the house through the back door, but found it locked. Supposedly, it had been locked to keep the defendant out.

---

"(2) Unnecessarily, in the exercise of his privilege of self-defense or defense of others or the privilege to prevent or terminate the commission of a felony; or"

Burgess, apparently out of any immediate danger, found his way down to the first floor and unlocked the door for the defendant. The defendant opened the door and pushed Burgess aside. The defendant then proceeded to run through the first floor of the Cloyd residence toward the stairway leading to the second floor. Burgess attempted to stop the defendant by shouting to him. When this failed, Burgess ran after the defendant. By the time Burgess reached the stairway, the defendant was already on the stairs leading to the second floor. At this point, a shot was fired from the second floor. The shot hit the defendant's right small finger and wounded Burgess in the right thigh. Burgess testified that he could see the side of Lowery's face who was hiding behind a divider at the top of the stairs. Burgess also testified that Lowery fired the shot.

The defendant testified that all this while he did not know Burgess was behind him. Therefore, defendant continued up the stairs. Lowery fired a second shot which wounded defendant in the left hand. After firing the second shot, Lowery ran into a nearby bedroom, closing the door.

When defendant reached the top of the stairs, he saw the closed bedroom door. At trial, defendant maintained that he did not know who was in the bedroom; but, nevertheless, fired three shots through the closed door, killing Lowery.

There are two issues before this court:

1. What is the appropriate standard of review to be applied by the appellate court in reviewing a trial court's denial of a defendant's motion to dismiss made at the close of the prosecution's case where the defendant proceeds to present his case?

2. Was there sufficient evidence for the jury to find at the conclusion of the trial that the defendant was guilty of manslaughter, contrary to sec. 940.05(2), Stats?

*Appropriate Standard of Review*

The court of appeals certified this case because of an alleged conflict between our holdings in *Bere v. State,* 76 Wis. 2d 514, 251 N.W.2d 814 (1977), and *State v. Gebarski,* 90 Wis. 2d 754, 280 N.W.2d 672 (1979), as to what is the appropriate standard of review in this type of situation. Specifically, the court of appeals asserts that *Bere* requires the appellate court on review of an order denying a motion to dismiss to consider only the prosecution's evidence in determining whether the evidence taken most favorably to the prosecution is sufficient to support a finding of guilt beyond a reasonable doubt. This, the appellate court maintains, is inconsistent with *Gebarski* where we held that the appropriate standard of review of a trial court's denial of a motion to dismiss at the close of the prosecution's case where the defendant goes on to present his case is whether considering *all* the evidence, there is sufficient evidence to support the defendant's conviction. We conclude there is no conflict between *Bere* and *Gebarski.*

This court has often held that where a defendant moves for a dismissal or a directed verdict at the close of the prosecution's case and when the motion is denied, ". . . the introduction of evidence by the defendant, if the *entire* evidence is sufficient to sustain a conviction, waives the motion to direct. *State v. Nowakowski,* 67 Wis. 2d 545, 557, 227 N.W.2d 697 (1975) ; *Strait v. State,* 41 Wis. 2d 552, 558, 164 N.W.2d 505 (1969) ; *State v. Robbins,* 43 Wis. 2d 478, 480, 168 N.W.2d 544 (1969)." (Emphasis added.) *State v. Gebarski, supra* at 773–74. *See also: State v. Wickstrom,* 14 Wis. 2d 416, 420, 111 N.W.2d 176 (1961). In the present case, after the defendant's motion to dismiss was denied, he proceeded to put in his defense. Therefore, on review, the appellate court must examine all the evidence in determining whether it is sufficient to sustain the conviction.

In *Gebarski, supra,* we noted that the denial of a motion to dismiss at the close of the prosecution's case presents the defendant with a difficult choice. When the defendant's motion is denied, he has the option of either not presenting any evidence on his behalf and preserving the ruling for appeal or abandoning his motion and introducing his defense. *State v. Gebarski, supra* at 774 (quoting LaFave and Scott, *Criminal Law* (Hornbook Series 1972), sec. 8 at 54). Should the defendant choose the first option, the appellate court can consider only the state's evidence in determining whether it was sufficient to support the defendant's guilt beyond a reasonable doubt. *State v. Duda,* 60 Wis. 2d 431, 210 N.W.2d 763 (1973). If the defendant chooses the second option and subsequently appeals his conviction, the appellate court must review all the evidence in determining whether it is sufficient to sustain the conviction.

Our holding in *Gebarski, supra,* does not conflict with our holding in *Bere, supra. Bere* is distinguishable from *Gebarski* in that *Bere* addresses the trial court's obligation in passing on a motion to dismiss, while *Gebarski* addresses the appellate court's duty on reviewing the denial of the motion. Because we believe the appellate court has misread our holding in *Bere,* a discussion of the *Bere* rationale is necessary at this point.

In *Bere,* the defendant's motion to dismiss made at the close of the prosecution's case was denied by the trial court. The defendant then proceeded to introduce his evidence. The jury returned a verdict finding him guilty of criminal damage to property.

On appeal, the defendant argued that the trial court erred in denying his motion to dismiss because there was no testimony in the state's case as to what actually caused the damage to the property. The defendant asserted that there was evidence presented which showed other possible causes of damage to the property. This evidence was from testimony presented in the defend-

ant's case. The defendant argued that the state failed to prove which damage was attributable to the defendant and which was attributable to the other causes and the trial court erred in denying his motion to dismiss made at the close of the state's case.

This court in *Bere* rejected those claims, stating that the defendant misconceived the appropriate test of a denial of a motion to dismiss and that he applied it in part to evidence that was not before the trial court at the conclusion of the state's case. *Bere v. State, supra* at 523. We went on to discuss the appropriate test to be applied by the trial court when considering a motion to dismiss made at the conclusion of the state's case. We stated the test as being whether the jury, acting reasonably and construing the evidence "then available" in favor of the prosecution could find guilt beyond a reasonable doubt. This court in *Bere* pointed out that where a motion to dismiss is made at the end of the state's case, a trial court could only consider the evidence presented in the state's case since that would be the only evidence before the court at the time the motion was made.

In *Bere*, we concluded that the motion to dismiss was properly denied because the evidence presented by the state was sufficient to prove the elements of the crime beyond a reasonable doubt. Our review of the sufficiency of the evidence of the state's case should not be construed as altering the standard to be applied by an appellate court in reviewing the denial of a motion to dismiss. Our holding in *Bere* is primarily concerned with the obligation of the trial court in passing on a motion to dismiss brought at the conclusion of the state's case-in-chief. It is within this context that *Bere* should be read.

The court of appeals also cites *State v. Lloyd,* 104 Wis. 2d 49, 310 N.W.2d 617 (Ct. App. 1981), as being inconsistent with our holding in *Gebarski*. In *Lloyd*, the

defendant made his motion to dismiss at the conclusion of the state's case. The trial court denied the motion. The defendant then proceeded to present his evidence. The motion was not renewed at the close of all the evidence.

On appeal, the defendant sought review of the trial court's denial of the motion to dismiss. The court of appeals stated:

". . . Because no subsequent motion for dismissal was made at the close of the defense case, we examine only the evidence adduced in the state's case to determine whether a jury, acting reasonably and construing such evidence most favorably to the prosecution, could have found the defendant guilty beyond a reasonable doubt."

This erroneous standard of review is based on the appellate court's misreading of *Bere*. The appellate court should have examined all the evidence in reviewing the sufficiency of the evidence. However, since the appellate court did not find error in the trial court's denial of defendant's motion to dismiss based only on the state's evidence, the outcome of *Lloyd* would not be different had the appellate court considered all the evidence.

*Sufficiency of the Evidence*

To sustain the manslaughter conviction under sec. 940.05(2), Stats., there must be sufficient evidence to (1) prove all the elements of second-degree murder as defined in sec. 940.02(1); (2) show that the killing of Lowery by defendant was not privileged under the law of self-defense; and (3) show that while defendant must have killed Lowery believing that his act was necessary in self-defense, his belief was unreasonable under the circumstance. Wis. JI Criminal, Part I at 1145. The test of the sufficiency of the evidence in a criminal trial is ". . . whether the evidence adduced, believed and ra-

tionally considered by the jury was sufficient to prove the defendant's guilt beyond a reasonable doubt." *State v. Nowakowski, supra* at 557; *Strait v. State, supra* at 559. Considering all the evidence adduced, believed and rationally considered by the jury, we conclude the evidence was sufficient to prove the necessary elements of manslaughter beyond a reasonable doubt. Thus, upon review, we conclude that there was sufficient evidence to support the manslaughter conviction.

There was sufficient evidence in the record to support a jury finding that the defendant was not entitled to the privilege of self-defense and that his belief that he was acting in self-defense was unreasonable. After the defendant had been shot, Lowery disappeared into a bedroom. There was nothing at this point which prevented the defendant from retreating to the first floor rather than proceeding to the second floor. Furthermore, Lowery's disappearance, along with the fact that defendant had received two relatively minor wounds, is sufficient evidence upon which a jury could find that a reasonable person would not have believed himself to be in "imminent danger of death or great bodily harm." Finally, firing three shots into a closed door could be seen as excessive use of force under the circumstances of this case. A finding of excessiveness is further supported by the fact that the evidence established that the shots were fired at approximately waist level. Therefore, under the facts of this case, a jury could find that the privilege of self-defense was inapplicable and that defendant's belief that he was acting in self-defense was unreasonable.

*By the Court.*—Judgment affirmed.