ROBERT D. ZAPF, District Attorney Kenosha County
You have requested my opinion regarding the power of a circuit court in this state to appoint a special prosecutor within the provisions of sec. 785.03 (1)(b), Stats., for the purpose of prosecuting an action for punitive sanction for contempt without utilizing the application and order procedure provided for in sec. 59.44, Stats. Your specific question is: Does a circuit court of this state possess the power and authority to appoint a special prosecutor in contempt actions brought pursuant to provisions of ch. 785, Stats., in addition to, or independent of, the power of a circuit court to appoint a district attorney protempore or a special assistant district attorney pursuant *Page 2 
to the provisions and procedures contained in sec. 59.44, Stats.?
It is my opinion that circuit courts of this state do possess the power to make such sua sponte appointments of special prosecutors within the provisions of ch. 785, Stats., and that sec. 59.44, Stats., is not the exclusive means or procedure by which circuit courts can appoint special prosecutors.
You ask this question because of the recent appointment by a circuit judge of your county of a special prosecutor for the purposes of pursuing punitive sanctions for contempt against a member of the bar who is alleged to have engaged in misconduct within the provisions of secs. 785.01 (1)(a) and 785.03 (1)(b), Stats. The circuit judge involved made the appointment of a private practitioner to act as special prosecutor sua sponte and specifically within the provisions contained in sec. 785.03
(1)(b), Stats., with no utilization of the procedures involving the district attorney's office within the provisions of sec.59.44, Stats.
The statute pursuant to which the circuit judge appointed a special prosecutor to prosecute the contempt action involved in your situation, sec. 785.03 (1)(b), Stats., states in pertinent part as follows:
 Punitive sanction. The district attorney of a county, the attorney general or a special prosecutor appointed by the court may seek the imposition of a punitive sanction by [utilizing stated procedures] . . . . The district attorney or attorney general or special prosecutor may issue the complaint on his or her own initiative or on the request of a party to an action or proceeding in a court or of the judge presiding in an action or proceeding.
The other statute applicable to your request which provides for the appointment of an acting district attorney or district attorney pro tempore and of special assistants to the district attorney is sec. 59.44, Stats. This statute provides for the appointment of acting district attorneys and special assistant district attorneys under several sets of circumstances. First, if there is no district attorney in the particular county, or if the district attorney is absent, or if the district attorney is unable to attend to his duties regarding a case or investigation, or if the district attorney should be disqualified because of various conflicts of interest or if the district attorney is charged with a crime, any judge of a court of record may appoint a district attorney pro *Page 3 tempore; second, the district attorney may apply to any judge of a court of record for appointment of special assistants to assist the district attorney in criminal prosecutions and investigations; and, third, the circuit court may appoint special assistant district attorneys upon application by the county board to assist the district attorney if there is an unusual amount of civil litigation involving the county. It is important for purposes of this discussion, as will be seen shortly, to note that nowhere in the provisions of sec. 59.44, Stats., is any mention made of a district attorney's desire to terminate or dismiss a pending prosecution being one of the grounds upon which the judge of a court of record may appoint a district attorneypro tempore.
Nowhere in the provisions of these two statutes is there to be found any indication that the special prosecutor referred to in sec. 785.03 (1)(b), Stats., is to be appointed by utilization of the provisions contained in sec. 59.44, Stats., and there is no indication in the latter section that the Legislature considered those provisions to be the exclusive means by which a special prosecutor is to be appointed. To the contrary, our court of appeals has specifically decided that the provisions of sec.59.44, Stats., are not exclusive.
In State v. Lloyd, 104 Wis.2d 49, 310 N.W.2d 617 (Ct. APP. 1981), the court of appeals was presented the issue of whether it was error for the circuit court to sua sponte appoint a special prosecutor when it refused to approve the district attorney's stipulation entered into with defense counsel for the dismissal of a criminal charge with prejudice. In determining that such suasponte appointment was not error the court of appeals stated the following: "Defendant contends that because the district attorney did not request appointment of a special prosecutor pursuant to sec. 59.44 (2), Stats., the trial court was without appointive authority. Sec. 59.44 (2) is not the exclusive means by which a court can appoint a special prosecutor." Lloyd, 104 Wis.2d at 56. The court of appeals went on to state that a trial court may appoint counsel to prosecute a case when the district attorney refuses to continue the action. Therefore, it would appear that there is clear authority in this state for a court to appoint a special prosecutor in situations other than those specifically mentioned in sec. 59.44, Stats.
In addition, there appears to be a clear legislative delegation of authority to the circuit court to appoint a special prosecutor within *Page 4 
the provisions of ch. 785, Stats., without the necessity of resorting to the procedures provided for in sec. 59.44, Stats. If the Legislature had intended to require such resort, it could have easily inserted that requirement within the provisions regarding the appointment of a special prosecutor in sec. 785.03
(1)(b), Stats. It chose not to do so.
Further support for this conclusion is furnished by the Judicial Council Committee comment (1979) to sec. 785.03, Stats., which states as follows: "the council's intent is to have the Wisconsin statute be in accord with the federal rule." The federal rule referred to is Rule 42 of the Federal Rules of Criminal Procedure which states in pertinent part, in language similar to that of sec. 785.03, Stats., that a criminal contempt in the federal court is to be prosecuted by "the United States Attorney or . . . an attorney appointed by the court for that purpose."
At least one circuit has recently held that that language does not require the federal court to select counsel from the staff of the United States Attorney's Office to prosecute criminal contempt but may appoint appropriate counsel as it sees fit. SeeMusidor v. Great American Screen, 658 F.2d 60, 65 (2d Cir. 1981).
Indeed, since we are speaking of the contempt powers of a court, involving as they do the power to do that which is necessary to the very existence, dignity and continued functioning of the courts, it would be absurd to engraft by unsupported implication or inference a condition upon those powers that the district attorney must first act and request a special prosecutor in order for the court to direct that a contempt complaint be filed when the statute specifically provides for the appointment of a special prosecutor by the court.
BCL:JCM