COURT OF APPEALS
DECISION
DATED AND FILED

January 24, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP134-CR**

Cir. Ct. No.  **2018CF1535**

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT I**

---

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

LANCE DANTE DELK,

      DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Milwaukee County: JANET C. PROTASIEWICZ, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Lance Dante Delk, *pro se*, appeals his judgment of conviction entered after a jury found him guilty of two counts of trafficking a child.

Delk asserts that he is entitled to a new trial because his confession was uncorroborated. He further argues that his right to confrontation was violated because the victims were not called to testify. Additionally, he claims that his trial counsel was ineffective for not seeking to suppress his confession, and for failing to object to certain testimony of the investigating officer.

¶2 Upon review, we reject Delk's claims and affirm.

## BACKGROUND

¶3 In March 2018, officers from the Milwaukee Police Department (MPD) responded to a complaint about a vehicle that had been parked outside an optical store for approximately four or five days, with someone sleeping inside. According to the criminal complaint, the officers found Delk in the vehicle along with two girls: B.A.T., who was fifteen years old at the time; and B.L.H., who was seventeen years old. One officer also observed a used condom outside of the vehicle.

¶4 The girls were questioned by an MPD detective. B.A.T. stated that Delk had not forced the girls into the vehicle, and denied that he was forcing them to prostitute themselves. The detective observed that B.A.T. had a designer purse and $200, which B.A.T. said she had gotten from her mother.

¶5 B.L.H., in contrast, stated that Delk had picked up the girls a few days earlier, and had asked B.A.T. to go on a website known for prostitution to "find someone to have sex with" so that they could get money for a hotel. B.L.H. described several instances where she and B.A.T. had sex with men for money, after being driven by Delk to the locations where they were meeting the men.

¶6 Delk subsequently admitted to the detective that both girls had used his phone to set up commercial sex acts, and that he had driven them to locations set up for that purpose. He further stated that he had used the money the girls had received to pay for a hotel room and food. Delk was charged with two counts of trafficking a child—one count for each girl.

¶7 The matter proceeded to a jury trial in February 2019. The State was unable to locate the girls to testify at the trial.

¶8 Witnesses who did appear on behalf of the State included one of the officers who had responded to the initial call regarding the vehicle outside the optical store. That officer testified about finding the girls in the vehicle with Delk, and that Delk had said they were his "cousins." The officer explained that they detained the girls and Delk because it was determined the girls were juveniles, so their parents had to be notified of the incident, and they did not initially provide their real names to the officers.

¶9 On cross-examination, Delk's trial counsel asked the officer if he had noticed anyone else "hanging around that car[.]" The officer replied that he had not, but that he had observed a used condom upon approaching the car.

¶10 Also testifying for the State was the detective who had interviewed the girls and Delk. He explained that he became involved in the investigation after it was referred to the sensitive crimes division. The detective testified regarding the custodial interview he conducted of Delk, and the video of the interview was played for the jury.

¶11 At the close of the State's case, Delk's trial counsel moved to dismiss the case because the girls, as the victims in this case, had not testified. Counsel

argued that as a result, Delk's confession during his custodial interview had not been corroborated. However, the trial court found that his statement had been corroborated by the fact that Delk had been found with the girls, who were later determined to be the victims in this case. The court therefore denied his motion.

¶12 Delk then testified in his own defense. He explained that the girls had initially contacted him on Facebook because he had offered to "give out rides to make gas money[.]" He testified that B.A.T. asked him to take her to "a guy's house," and when she returned and told him what she had done, he "did not agree with it." Delk said that they had an argument about the incident, during which B.A.T. threatened to stab him with a screwdriver that she had found in his vehicle if he did not "keep … doing what she wanted[ed] [him] to do." Delk testified that B.A.T. also threatened to damage his car and vandalize his mother's house. He stated that is why he continued to drive the girls to locations for purposes of committing commercial sex acts. When asked why he did not report these threats to the detective when he was being interrogated, Delk stated that he "forgot to explain it" and "thought it was irrelevant[.]"

¶13 The jury convicted Delk on both counts of child trafficking. Delk was sentenced to ten years of initial confinement and five years of extended supervision for each count, to be served concurrently.

¶14 Delk filed a notice of intent to pursue postconviction relief, and postconviction counsel was appointed to represent him. However, in September 2020, counsel moved to withdraw on the grounds that Delk had indicated his desire to proceed *pro se*. After determining that Delk understood the consequences of proceeding *pro se* and was competent to do so, the court granted the motion to withdraw.

¶15   Delk never filed a postconviction motion with the trial court, as generally required under WIS. STAT. RULE 809.30 and WIS. STAT. § 974.02 (2019-20).[1]  He now appeals his judgment of conviction.

## DISCUSSION

¶16   On appeal, Delk raises three claims.  He first argues that his confession to police during his custodial interrogation was not sufficiently corroborated.  He further contends that his right to confrontation was violated because the victims did not testify at trial.  Finally, he asserts that his trial counsel was ineffective in two ways:  for failing to seek suppression of his confession, and for failing to object to the investigating officer's testimony that he observed a used condom when he approached Delk's vehicle.

¶17   As an initial matter, which we alluded to above, we note that anyone seeking postconviction relief in a criminal case must follow the procedures set forth in WIS. STAT. RULE 809.30.  Specifically, those procedures as set forth in subsection (2) include filing a notice of intent to pursue postconviction relief, which was done by Delk's appointed trial counsel.  *See* RULE 809.30(2)(b).  The procedures further require filing a postconviction motion with the trial court for its review prior to commencing an appeal, unless the issue for which review is being sought is sufficiency of the evidence, or is an issue previously raised in the trial court.  *See* RULE 809.30(2)(h); *see also* WIS. STAT. § 974.02 (a motion for postconviction relief in a criminal case "shall be made in the time and manner provided in [RULE]

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

5

809.30"). As Delk failed to file a postconviction motion with the trial court, our review is thus limited to those specific types of claims.

¶18 Delk's first claim—that his confession was not sufficiently corroborated—may be reviewed as a claim challenging the sufficiency of the evidence. "In Wisconsin, as in the federal courts, there is a common law rule that 'conviction of a crime may not be grounded on the admission or confessions of the accused alone.'" *State v. Hauk*, 2002 WI App 226, ¶20, 257 Wis. 2d 579, 652 N.W.2d 393 (citation omitted). "Rather, there must be corroboration of a 'significant fact' in order to sustain a conviction." *Id.* (citation omitted). The principle behind the corroboration rule is that it "helps to insure the reliability of the confession." *Id.*, ¶24.

¶19 In reviewing Delk's claim regarding sufficient corroboration of his confession, however, we consider all of the evidence presented at trial to determine whether it is sufficient to sustain Delk's conviction; we do not just review the evidence presented by the State in its case, even though that was the point in the trial when Delk moved the trial court to dismiss his case. *See State v. Kelley*, 107 Wis. 2d 540, 544, 319 N.W.2d 869 (1982). This is because when Delk's motion to dismiss was denied, he had "the option of either not presenting any evidence on his behalf and preserving the ruling for appeal or abandoning his motion and introducing his defense." *Id.* at 545. He chose the latter, which involved Delk testifying on his own behalf. We therefore consider that testimony in our review of the sufficiency of the evidence. *See Hauk*, 257 Wis. 2d 579, ¶24 (the rule requiring corroboration of a confession "does not apply when a confession is made in court").

¶20 During that testimony, as described above, Delk admitted to driving the victims, who were under the age of eighteen, to commit commercial sex acts.

"The question of whether the evidence was sufficient to sustain a verdict of guilt in a criminal prosecution is a question of law" which this court reviews *de novo*. *State v. Smith*, 2012 WI 91, ¶24, 342 Wis. 2d 710, 817 N.W.2d 410. We will not reverse a conviction "unless the evidence, viewed most favorably to the [S]tate and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990).

¶21 To prove child trafficking, the State has to demonstrate that a defendant knowingly transported a child under the age of eighteen for the purposes of engaging in a commercial sex act. *See* WIS. STAT. § 948.051(1) (2017-18); *see also* WIS JI—CRIMINAL 2124. Delk's testimony is sufficient to support the verdict reached by the jury that he was guilty of child trafficking with regard to the victims. *See Poellinger*, 153 Wis. 2d at 501. Therefore, Delk's claim regarding the sufficiency of the evidence corroborating his confession fails.

¶22 Delk's other two claims on appeal—that his right to confrontation was violated because the victims did not testify, and that his trial counsel was ineffective for failing to seek suppression of his confession and for failing to object to the investigating officer's testimony regarding the used condom—were never raised in the trial court, and do not fall under the exceptions that allow for our review without such review by the trial court. They are therefore forfeited. *See State v. Caban*, 210 Wis. 2d 597, 604-05, 563 N.W.2d 501 (1997) (explaining that "[b]y limiting the scope of appellate review to those issues that were first raised before the [trial] court," the appellate court "gives deference to the factual expertise of the trier of fact, encourages litigation of all issues at one time, simplifies the appellate task, and discourages a flood of appeals").

7

¶23    We also note that these forfeited claims lack merit. With regard to his right to confrontation claim, the "constitutionally guaranteed right of confrontation" applies only to "testimony which is considered by the trier of the fact on the issue of the accused's guilt." *State v. LaTender*, 86 Wis. 2d 410, 434, 273 N.W.2d 260 (1979) (citation omitted). Furthermore, the right to confrontation "does not require the [S]tate to produce any particular witness or give the accused the right to insist that the [S]tate call any particular witness.... Not even the victim[.]" *Id.* (citation omitted; ellipses in *LaTender*). Thus, Delk's right to confrontation was not implicated in this matter.

¶24    With regard to his ineffective assistance of counsel claim, it is firmly established that such a claim, if sufficiently pled, would require a postconviction evidentiary hearing to be held before the trial court in order "to preserve the testimony of trial counsel." *See State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979). Furthermore, a defendant is not even entitled to a postconviction evidentiary hearing if he or she does not raise sufficient facts to demonstrate that relief is warranted; if the allegations are merely conclusory; or, if the record conclusively demonstrates that the defendant is not entitled to relief. *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.

¶25    For his ineffective assistance claim relating to trial counsel's failure to seek suppression of his confession, Delk fails to explain on what grounds he believes suppression was warranted. We do not develop arguments for parties. *See State v. Gulrud*, 140 Wis. 2d 721, 730, 412 N.W.2d 139 (Ct. App. 1987).

¶26    For his claim relating to trial counsel's failure to object to the testimony regarding the used condom, Delk provides nothing to support his assertion that this alleged error prejudiced his defense. A defendant claiming

ineffective assistance of counsel must show that his trial counsel's performance was deficient and that the deficiency prejudiced the defense, and both of these prongs must be established for the claim to succeed. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). Furthermore, to demonstrate prejudice, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." ***Id.*** Delk's argument fails to demonstrate that this alleged error by counsel affected the outcome of the trial. *See **id.*** at 694.

¶27 These failings would result in Delk's claims being rejected even if they were not forfeited. *See **Allen***, 274 Wis. 2d 568, ¶9. Delk, however, asserts that as a *pro se* litigant, he should not be held to the same "legal professional standards" as a lawyer. However, "[a]though we liberally construe filings by *pro se* litigants, there is a limit to our lenience." ***State v. Romero-Georgana***, 2014 WI 83, ¶69, 360 Wis. 2d 522, 849 N.W.2d 668 (internal citation omitted). This court "might avert its eyes from the flaws on the peripheries, but it will not ignore obvious insufficiencies at the center" of Delk's appeal. *See **id.*** We therefore affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.