OLSON, Plaintiff in error, V. STATE, Defendant in error.*

*No. State 51. Submitted under sec. (Rule) 251.54 June 5, 1975.—*
*Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 634.)

For the plaintiff in error the cause was submitted on the brief of *Anthony K. Karpowitz* of the Legal Aid Society of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *David J. Becker,* assistant attorney general.

---

* Motion for rehearing denied, without costs, on September 30, 1975.

WILKIE, C. J. The case involves the conviction of James P. Olson of delivery of a controlled substance, heroin, in violation of secs. 161.41 (1) (a) and 161.14 (3) (k), Stats. On conviction following a jury trial, he was sentenced to four years in prison. Based upon a stipulation as to his prior record, defendant was also found guilty by the trial court of being a subsequent offender, in violation of sec. 161.48.[1] The trial court stated:

"At this time this Court does find the Defendant guilty of a violation of Section 161.48, Wisconsin Statutes, and find that he is a subsequent offender as recited in that said statute."

The court sentenced defendant to an additional six-year concurrent term for being a subsequent offender.[2] The sole issue raised on this review is whether the trial court had authority to impose this separate sentence for violation of sec. 161.48, and if not, how the error should be remedied.

The error relied upon by defendant is that the trial court imposed a separate sentence for violation of sec. 161.48, Stats., the repeater statute. Yet defendant's trial counsel specifically requested the trial court to do this very thing. After the trial court sentenced defendant to four years' imprisonment for delivery of a controlled substance in violation of secs. 161.41 (1) (a) and 161.14

---

[1] Sec. 161.48, Stats., provides, in part: "**Second or subsequent offenses.** (1) Any person convicted of a 2nd or subsequent offense under this chapter may be fined an amount up to twice that otherwise authorized or imprisoned for a term up to twice the term otherwise authorized or both.

"(2) For purposes of this section, an offense is considered a 2nd or subsequent offense if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to controlled substance, narcotic drugs, marijuana or depressant, stimulant or hallucinogenic drugs."

[2] In addition the court revoked defendant's probation on a prior drug conviction and sentenced him to a further five-year concurrent term. This sentence is not challenged here.

(3) (k), the following colloquy took place between the trial court and defense counsel:

*"Mr. Burke:* Your Honor, there is one other matter that I want to keep the record straight.
*"The Court:* What's that?
*"Mr. Burke:* Mr. Olson was sentenced or was found guilty by virtue of a guilty plea under the repeater section of the statute by virtue of violation of the first offense. I believe that there is at least at this point the unfinished business of a sentence to be imposed in that case.
*"The Court:* As to the repeater section?
*"Mr. Burke:* Yes, I believe so, Your Honor. That it would best be done on the record.
*"The Court:* What's your recommendation as to that, Mr. District Attorney?
*"Mr. Sklenarz:* Your Honor, the State has no specific recommendation and believes that the Court has superior judgment in this, having heard all the facts.
*"The Court:* 161.48.
*"Mr. Burke:* I believe it calls for a penalty of up to fifteen years.
*"The Court:* Mr. Olson, is there anything you wish to say to this Court as to why this Court at this time should not sentence you as a subsequent offender for delivery of a controlled substance?
*"Defendant:* No, Your Honor.
*"The Court:* All right. It is the said sentence of this Court that you serve an indeterminate term of not more than six years at the Wisconsin Prison at Waupun, Wisconsin for being a subsequent offender, that sentence to run concurrent with the two sentences just previously imposed by this Court, sentence to commence tomorrow, October 12, 1973.
*"Mr. Burke:* Thank you, Your Honor."

Thus, because defense counsel specifically requested the trial court to do the act now asserted as error, and because the error was never called to the trial court's attention by a motion to modify sentence or otherwise, there is no doubt that defendant waived the very error he now raises on appeal.

In the interest of justice, however, we must conclude that the trial court was in error in finding the defendant guilty of violating the repeater provision, sec. 161.48, Stats., and in imposing a separate sentence of six years for this violation.

Sec. 161.48, Stats., doubles the potential penalty faced by a repeat drug offender. This statute has not been previously interpreted by this court, but its purpose and scope are similar to the general criminal law repeater provision, sec. 939.62.[3] Both the defendant and the state agree that while the repeater provision authorizes stiffer sentences, it does not itself create a crime and cannot support a separate and independent sentence. We conclude, therefore, that the judgment should be reversed insofar as it represents an adjudication of criminal guilt as to sec. 161.48, and imposes a separate six-year sentence for the violation.

But this does not end the matter. The state argues that this court should exercise its power to modify sentences by increasing from four to six years the sentence defendant received for his conviction for delivering heroin. We agree.

Sec. 973.12 (2), Stats., provides:

[3] Sec. 939.62, Stats., provides, in part, as follows:

"**Increased penalty for habitual criminality.** (1) If the actor is a repeater, . . . and the present conviction is for any crime for which imprisonment may be imposed . . . the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

"(a) A maximum term of one year or less may be increased to not more than 3 years.

"(b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.

"(c) A maximum term of more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 10 years if the prior conviction was for a felony."

"In every case of sentence under s. 939.62, the sentence shall be imposed for the present conviction, but if the court indicates in passing sentence how much thereof is imposed because the defendant is a repeater, it shall not constitute reversible error, but the combined terms shall be construed as a single sentence for the present conviction."

While this provision is not directly applicable to sentencing under the repeater provision contained in sec. 161.48, Stats., it does represent a legislative policy judgment that the kind of mistake in sentencing described therein should not defeat the trial court's obvious intent. We conclude, therefore, that defendant's sentence for violation of secs. 161.41 (1) (a) and 161.14 (3) (k) should be increased to six years, thus combining the four- and six-year concurrent sentences into a single sentence and giving effect to the trial court's obvious intent. No claim is made here by the defendant that a six-year sentence is excessive.

*By the Court.*—Judgment reversed insofar as it represents an adjudication of criminal guilt as to sec. 161.48, Stats., and imposes a separate sentence for this violation; judgment modified by increasing from four to six years the sentence for violation of secs. 161.41 (1) (a) and 161.14 (3) (k) ; judgment as modified affirmed.