STATE of Wisconsin, Plaintiff-Respondent,

v.

Larry C. MORRIS, Defendant-Appellant.

Supreme Court

*No. 81–1041–CR. Argued June 4, 1982.—Decided July 2, 1982.*

(Also reported in 322 N.W.2d 264.)

For the defendant-appellant there were briefs and oral argument by *William J. Tyroler,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *Susan B. Greenberger,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

SHIRLEY S. ABRAHAMSON, J.   This is an appeal from a judgment of conviction of one count of armed

robbery and one count of concealing identity and from an order denying defendant's motion to vacate the conviction on either one of the counts. The judgment and order were entered by the circuit court for Walworth county, James L. Carlson, Circuit Judge. The appeal was certified to this court by the court of appeals, sec. (Rule) 809.61, Stats. 1979–80, so that this court would determine whether sec. 946.62, Stats. 1979–80, defines a separate, independent, substantive offense of concealing identity or whether sec. 946.62 is a penalty-enhancer which permits augmented punishment beyond the maximum otherwise provided for a substantive offense.[1] We hold that sec. 946.62, Stats. 1979–80, is a penalty enhancer. Accordingly we further hold that the defendant was erroneously convicted and sentenced on the charge of concealed identity and that the matter must be remanded to the circuit court for sentencing of the defendant on the conviction of armed robbery while identity was concealed.

The facts of this appeal are simple and undisputed. The circuit court found the defendant, Larry Morris, guilty, pursuant to his guilty plea, of one count of armed robbery in violation of sec. 943.32(2), Stats. 1979–80, and one count of concealing identity in violation of sec. 946.62. The circuit court sentenced the defendant to two and one-half years on the armed robbery count and two years on the concealing identity count, the sentences to run concurrently.

After sentencing, the defendant filed a post-conviction motion, arguing that concealing identity is a penalty enhancer, and that the circuit court erred in entering a separate judgment of conviction and in imposing a separate sentence on the count of concealing identity. Alternatively the defendant argued that if concealing identity is

[1] *State v. Upchurch,* 101 Wis. 2d 329, 332, n. 2, 305 N.W.2d 57 (1981); *Watson v. State,* 190 Wis. 245, 246–47, 208 NW 897 (1926).

a separate, independent criminal offense, armed robbery is a lesser included offense and that the circuit court violated the constitutional guarantee against double jeopardy in entering a judgment of conviction and imposing a separate sentence on the lesser included count of armed robbery.

The circuit court denied the defendant's post-conviction motion, holding that concealing identity is a separate and distinct offense from armed robbery and that armed robbery is not a lesser offense included in the crime of concealing identity. The defendant appealed from the judgment of conviction and the order denying his post-conviction motion. We conclude that sec. 946.62 is a penalty enhancer.[2] Accordingly we vacate the judgment, reverse the order and remand the matter to the circuit court.

Section 946.62, Stats. 1979–80, provides as follows:

"**946.62 Concealing identity.** Whoever commits a crime while his or her usual appearance has been concealed, disguised or altered, with intent to make it less likely that he or she will be identified with the crime, *in addition to the maximum punishment fixed for such crime, in case of conviction for a misdemeanor is guilty of a Class E felony, and in case of conviction for a felony is guilty of a Class D felony.*" (Emphasis supplied.)

This case presents the first opportunity this court has had to pass upon sec. 946.62, Stats. 1979–80, which was

---

[2] The state asserts that the defendant has waived his right to challenge his conviction by having plead guilty to both charges. While it is true that a guilty plea waives all nonjurisdictional defects, including constitutional claims, *Mack v. State*, 93 Wis. 2d 287, 293, 286 N.W.2d 563 (1980), there are certain defects that are not waived. Double jeopardy claims are one such defect. *Menna v. N.Y.*, 423 U.S. 61, 62 (1975); *United States v. Gaertner*, 583 F.2d 308, 311 (7th Cir 1978); *People v. Johnson*, 396 Mich. 424, 240 N.W.2d 729, 738–39 (1976). Accordingly we hold that the defendant, by his guilty pleas, has not waived his right to challenge his conviction.

enacted as part of the 1977 revision of the Wisconsin Criminal Code. Ch. 173, Laws of 1977, sec. 144. In several prior cases[3] we interpreted sec. 946.62, Stats. 1975, the precursor to 946.62, Stats 1979–80, as a penalty enhancer and not a substantive offense capable of supporting an independent judgment of conviction and sentence. Prior to the 1977 revision, sec. 946.62, Stats. 1975, read as follows:

"946.62 **Concealing identity.** Whoever commits a crime while his usual appearance has been concealed, disguised or altered, with intent to make it less likely that he will be identified with the crime, may *in addition to the maximum punishment fixed for such crime,* in case of conviction for a misdemeanor be imprisoned not to exceed one year in county jail, and in case of conviction for a felony be imprisoned not to exceed 5 years." (Emphasis supplied.)

The present version of sec. 946.62 differs from the 1975 version in two respects. First, language was added in 1977 stating that a person convicted of a misdemeanor which was committed while the defendant's appearance was concealed "in addition to the maximum punishment fixed for such crime . . . *is guilty of a Class E felony.*" Second, language was added in 1977 stating that a person convicted of a felony which was committed while the defendant's appearance was concealed "in addition to the maximum punishment fixed for such crime . . . *is guilty of a Class D felony.*" Sec. 946.62, Stats. 1975, did not state that a person concealing identity while committing a crime is guilty of a felony. Sec. 946.62, Stats. 1975, stated that a person convicted of a misdemeanor which

[3] *Robinson v. State,* 102 Wis. 2d 343, 354, 306 N.W.2d 668 (1981); *Schroeder v. State,* 96 Wis. 2d 1, 7, 291 N.W.2d 460 (1980), and *Haldane v. State,* 85 Wis. 2d 182, 196–97, 270 N.W.2d 75 (1978). In *Schroeder v. State, supra,* this court stated that the 1977 version of the statute "may define a separate and independent crime." 96 Wis. 2d at 5.

was committed while the defendant's appearance has been concealed "may in addition to the maximum punishment fixed for such crime . . . *be imprisoned not to exceed one year in county jail*" (emphasis added) and that a person convicted of a felony which was committed while the defendant's appearance has been concealed "may in addition to the maximum punishment fixed for such crime . . . *be. imprisoned not to exceed 5 years*". (Emphasis added.)

The state and the defendant agree that the purpose of the present sec. 946.62, like that of the 1975 version, is to provide additional punishment to an offender who conceals his or her identity while committing a crime. The legislative purpose of imposing increased punishment on an offender who conceals his or her identity can be attained by the legislature adopting a statute creating either a penalty enhancer or a separate offense. The issue for the court to decide is which technique the legislature intended to adopt in sec. 946.62, Stats. 1979–80.

The language of sec. 946.62, Stats. 1979–80, is ambiguous. The words of the statute support both techniques. At one point in sec. 946.62, Stats. 1979–80, the legislature uses the phrase "in addition to the maximum punishment fixed for such crime." The phrase indicates that the legislature intends sec. 946.62 to be a penalty enhancer. At another place in sec. 946.62, Stats. 1979–80, the legislature says that the offender who conceals identity "is guilty of" a class D or class E felony. This language indicates that the legislature intends sec. 946.62 to create a separate, independent crime.

If we view sec. 946.62 as a penalty enhancer, the statutory reference to class D and class E felonies may be read as a short-hand way of saying that the enhancer is the maximum penalty prescribed for class D and class E felonies. For a class D felony the penalty is a fine not to

exceed $10,000 or imprisonment not to exceed five years, or both. Sec. 939.50(3)(d), Stats. 1979–80. For a class E felony the penalty is a fine not to exceed $10,000 or imprisonment not to exceed two years, or both. Sec. 939.50 (3)(e), Stats. 1979–80.

If we view sec. 946.62 as creating a separate, independent crime, the phrase "in addition to the maximum punishment fixed for such crime" is superfluous, because sec. 973.15, Stats. 1979–80, authorizes a court to impose consecutive sentences for each conviction of a substantive offense. Thus sec. 946.62 appears to make more sense if it is read as a penalty enhancer.

The best that can be said of sec. 946.62 is that it is ambiguous and is subject to at least two interpretations. The ambiguity is not clarified by the legislative history of the 1977 revision, which is itself ambiguous. Sec. 946.-62, Stats. 1979–80, can be traced to 1977 Senate Bill 14 which later became ch. 173, Laws of 1977, and resulted from the work of a Legislative Council Special Committee on Criminal Penalties established pursuant to 1971 Senate Joint Resolution 115 to "review existing criminal penalties to determine whether the penalty levels are consistent with each other for similar kinds of offenses and also to review the current appropriateness of penalty levels."

1977 Senate Bill 14 established a classification system for Criminal Code offenses. The bill set forth five classes of felonies (class A through class E felonies, sec. 939.-50, Stats. 1979–80), three classes of misdemeanors (classes A, B and C misdemeanors, sec. 939.51, Stats. 1979–80), and four classes of forfeitures (class A through class D forfeitures, sec. 939.52, Stats. 1979–80), and established maximum penalties for each class of offense. In addition, the bill amended provisions in the criminal code creating substantive offenses to designate each offense as a particular class of felony, misdemeanor or forfei-

ture. Wisconsin Legislative Council Report No. 1 to the Legislature, Legislation Relating to Criminal Penalties (1977). In addition, 1977 Senate Bill 14 made certain substantive changes which are specifically pointed out in the notes to that section. See Legislative Reference Bureau's prefatory note to 1977 Senate Bill 14.[4] Thus the main purpose of 1977 Senate Bill 14 was to establish a penalty classification system; substantive changes were the exception in the bill, not the rule.

Because no note is attached to sec. 946.62, Stats. 1979–80, stating that a substantive change was made in this section, the defendant urges that sec. 946.62 continues as a penalty enhancer. The defendant reasons as follows: Sec. 946.62, Stats. 1975, was construed by this court as a penalty-enhancer and not as a separate, independent offense; the legislative history of the current statute contains no suggestion that the legislature intended to alter the essential nature of sec. 946.62; consequently, the new sec. 946.62, like the prior version, is a penalty enhancer.

The state correctly points out that the defendant's reasoning on the basis of legislative history is flawed. While this court held that the earlier version of sec. 946.62 provided only for a penalty enhancer, there is reason to believe that the legislature viewed the 1975 statute as defining a separate, independent offense. At the time the legislature was revising sec. 946.62, the Wisconsin Criminal Jury Instructions Committee had interpreted sec. 946.62, Stats. 1975, as establishing a separate crime. Wis JI—Criminal No. 1805 (1974). In fact, after the 1977 revision was adopted but before this court had interpreted sec. 946.62, Stats. 1975, the Instructions Committee interpreted the 1977 revision as also establishing a sep-

---

[4] Sec. 13.92(1)(a)3, (b)2, Stats. 1979–80. The court may take judicial notice of legislative history. See *State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 504–505, 261 N.W.2d 434 (1978).

arate crime. Wis JI—Criminal No. 1805, p. 2 (1980). That the Instructions Committee's interpretation of the 1975 law was not adopted by this court does not diminish the possibility that the legislature's understanding of sec. 946.62 was the same as that of the Instructions Committee. If, in fact, the legislature viewed the 1975 statute as defining a separate offense, then the absence of a note to 1977 Senate Bill 14 indicating that sec. 946.62 is changed to create a separate, independent crime supports the state's position, not the defendant's. As the defendant himself notes, the possibility that the legislature viewed the 1975 law as creating a separate offense is supported by the Legislative Reference Bureau's analysis of 1977 Senate Bill 14 stating that the bill reclassifies the offense of concealing identity when committing a misdemeanor from a misdemeanor to a class E felony.

■ When a criminal statute is ambiguous and is not clarified by resort to legislative history, this court has applied the canon of construction that penal statutes should be construed strictly against the party seeking to exact statutory penalties and in favor of the person on whom statutory penalties are sought to be imposed. As a corollary of this principle of construction, in case of doubt concerning the severity of the penalty prescribed by the statute, the court will favor a milder penalty over a harsher one. We explained the public policy on which this canon of construction is premised in *State v. Wilson*, 77 Wis. 2d 15, 28, 252 N.W.2d 64 (1977), as follows:

"The canon of strict construction is grounded on policy. Since it is within the power of the lawmakers, the burden lies with them to relieve the situation of all doubts. 3 *Sutherland on Statutory Construction*, sec. 59.-03, p. 7 (3d ed. 1968–1973). And 'since the power to declare what conduct is subject to penal sanctions is legislative rather than judicial, it would risk judicial usurpa-

tion of the legislative function for a court to enforce a penalty where the legislature had not clearly and unequivocally prescribed it.' *Id.*, p. 8."

In view of the ambiguous and inconclusive language and legislative history of sec. 946.62, Stats. 1979–80, in view of our cases construing sec. 946.62, Stats. 1975, as a penalty enhancer and in view of the canon that penal statutes be construed in favor of the accused, we hold that sec. 946.62, Stats. 1979–80, creates a penalty enhancer, not a separate, independent, substantive offense. The judgment of the conviction of the circuit court is therefore vacated, as are the sentences.[5] The cause is remanded to the circuit court with instructions to enter judgment against the defendant on the single offense of armed robbery while concealing identity and to resentence the defendant.

*By the Court.*—Judgment vacated; order reversed; and cause remanded to the circuit court.

---

[5] While the defendant initially argued that the sentence of two years on the count of concealing identity should stand and that that sentence cannot be increased, he concedes that resentencing is probably the correct disposition and that *Robinson v. State*, 102 Wis. 2d 343, 356, 306 N.W.2d 668 (1981), controls. In *Robinson* this court said:

"Accordingly, rather than attempting to infer at the appellate level what sentence the trial court would have imposed had it proceeded on the proper assumption that concealing identity aggravates armed robbery but does not stand as a separate substantive offense, we conclude that the trial court is the proper court to resentence the defendant under a correct application of the law. We therefore vacate the judgment of conviction for concealing identity, vacate both sentences as imposed, and remand to the trial court for resentencing on the conviction of armed robbery, under circumstances where identity was concealed."