STATE of Wisconsin, Plaintiff-Respondent,

v.

Edward J. HARTNEK, Defendant-Appellant.†

Court of Appeals

*No. 87-2248-CR. Submitted on briefs July 5, 1988.—Decided August 3, 1988.*

(Also reported in 430 N.W.2d 361.)

† Petition to review denied.

190

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donald T. Lang,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Maureen A. McGlynn,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J. This appeal raises the issue of whether a single event of failing to stop and render aid following an automobile accident may give rise to multiple violations of sec. 346.67, Stats., when there are multiple victims. We conclude that under *State v. Rabe,* 96 Wis. 2d 48, 291 N.W.2d 809 (1980), multiple charging is permitted.

The pertinent facts are few. Edward Hartnek struck two vehicles, one driven by Sandra Hanson and the other by Ellen Mattiazzi. Ellen's mother, Edith Mattiazzi, was a passenger in the car. Ellen and Edith were injured in the accident. Hartnek left the scene without providing information or assistance to anyone. He later pled no contest to two counts of "hit and run—injury" under secs. 346.67(1) and 346.74(5)(b), Stats.[1]

In a postconviction motion, Hartnek challenged the multiple convictions as being violative of his right

---

[1]A third count of "hit and run—property damage" under secs. 346.67(1) and 346.74(5)(a), Stats., was dismissed.

to be free from double jeopardy. Postconviction relief was denied, and it is this issue which is now before us.[2]

Multiplicity is the charging of a single offense in separate counts. *State v. Tappa,* 127 Wis. 2d 155, 161, 378 N.W.2d 883, 885 (1985). The double jeopardy provision of the constitution protects against multiple punishments for the same offense. *Id.* at 162, 378 N.W.2d at 886.

Wisconsin has utilized a two-part test for evaluating whether a charge is multiplicitous. *Id.* The first part inquires whether the offenses are identical in law and fact. *Id.* The second part examines the legislative intent as to the allowable unit of prosecution. *Id.*

Hartnek concedes that the first part of the test is met because each charge requires proof of different injured persons. We therefore examine only the second part of the test.[3]

Four factors are relevant to determining the legislative intent: (1) the language of the statute; (2)

[2]A plea of no contest does not waive the right to raise issues of double jeopardy. *See State v. Morris,* 108 Wis. 2d 282, 284 n. 2, 322 N.W.2d 264, 265 (1982).

[3]Some case law suggests that compliance with the first part of the test is all that is required to meet a double jeopardy challenge; the second part concerns public policy. *See, e.g., State v. Tappa,* 127 Wis. 2d 155, 162, 164, 378 N.W.2d 883, 886, 887 (1985); *State v. Rabe,* 96 Wis. 2d 48, 69, 291 N.W.2d 809, 819 (1980). Although double jeopardy claims may be raised after a no contest plea, *see State v. Morris,* 108 Wis. 2d 282, 284 n.2, 322 N.W.2d 264, 265 (1982), there may be a question as to whether the second part of the multiplicity test may be raised after such a plea. Because this issue was not briefed by the parties, we decline to address it *sua sponte. In re A.S.D.,* 125 Wis. 2d 529, 532, 372 N.W.2d 921, 922 (Ct. App. 1985).

the legislative history and context of the statute; (3) the nature of the proscribed conduct; and (4) the appropriateness of multiple punishment for the conduct. *Id.* at 165, 378 N.W.2d at 887. The primary statute in question is sec. 346.67(1), Stats., which reads:

> **346.67  Duty upon striking person or attended or occupied vehicle. (1)** The operator of any vehicle involved in an accident resulting in injury to or death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the following requirements:
>
> (a)  He shall give his name, address and the registration number of the vehicle he is driving to the person struck or to the operator or occupant of or person attending any vehicle collided with; and
>
> (b)  He shall, upon request and if available, exhibit his operator's license to the person struck or to the operator or occupant of or person attending any vehicle collided with; and
>
> (c)  He shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

Section 346.74(5), Stats., establishes the penalties as follows:

> **(5)**  Any person violating any provision of s. 346.67:

(a) Shall be fined not less than $300 nor more than $1,000 or imprisoned not more than 6 months or both if the accident did not involve death or injury to a person.

(b) Shall be fined not less that $300 nor more than $5,000 or imprisoned not less than 10 days nor more than one year or both if the accident involved injury to a person but the person did not suffer great bodily harm.

(c) May be fined not more than $10,000 or imprisoned not more than 2 years or both if the accident involved injury to a person and the person suffered great bodily harm.

(d) May be fined not more than $10,000 or imprisoned not more than 5 years or both if the accident involved death to a person.

(e) Is guilty of a felony if the accident involved death or injury to a person.

■

Beginning with sec. 346.67(1), Stats., we note that the statute requires one to render assistance to "any person injured." This phrase has been interpreted to mean that one must render assistance to all injured persons at the scene. *State v. Lloyd,* 104 Wis. 2d 49, 62–63, 310 N.W.2d 617, 624–25 (Ct. App. 1981). Therefore, a person who renders aid to three out of four injured persons is still exposed to liability under the statute. *See id.*

The penalty statute, sec. 346.74(5), Stats., refers to the injuries or death of "a person" or "the person." Multiple victim accidents are not so rare that we can say the legislature did not take them into consideration when drafting the statute. Had the legislature intended that only one penalty could be imposed per accident, it could have more clearly done so. As currently drafted, a multiple victim accident could

invoke several of the differing penalties of sec. 346.74(5).

Hartnek argues that the context or placement of the statute in the vehicle code militates against multiple punishments, relying on *Rabe,* 96 Wis. 2d at 73–74, 291 N.W.2d at 821. *Rabe* also expressed that such placement was not dispositive. *Id.* at 73, 291 N.W.2d at 821. Further, when different victims are involved, there are generally different offenses. *Id.* at 67, 291 N.W.2d at 818. Stated another way, where the offense is against persons rather than property, there are as many offenses as individuals affected. *Id.* at 68, 291 N.W.2d at 818.

Regarding the nature of the proscribed conduct, Hartnek argues that sec. 346.67, Stats., does not require proof of scienter; therefore, it should be strictly construed so as not to authorize severe criminal penalties under *State v. Collova,* 79 Wis. 2d 473, 485–86, 255 N.W.2d 581, 586–87 (1977). However, as the state correctly notes, the standard jury instruction requires a finding that the defendant knew he or she had struck a person or an attended vehicle. Wis J I—Criminal 2670, *approved in State v. Mann,* 135 Wis. 2d 420, 426, 400 N.W.2d 489, 491–92 (Ct. App. 1986).[4] We therefore do not find Hartnek's argument particularly persuasive in this regard.

---

[4]Although proof that the defendant knew someone had been injured is not required, *see* Wis J I—Criminal 2670, comment 7, the state raises an interesting point regarding criminal intent. The state notes that the underlying accident in a hit-and-run case is often caused by negligent or even innocent actions; however, the act of leaving the scene usually represents willful or intentional behavior.

The final factor to consider in discerning legislative intent is the appropriateness of multiple punishments. Under this seemingly broad factor, we examine the remainder of Hartnek's arguments.

Hartnek contends that Edith and Ellen Mattiazzi are not both "victims" of his conduct in leaving the scene of the accident. *See Rabe,* 96 Wis. 2d at 71–73, 291 N.W.2d at 820–21. We disagree. Here, the perceived harm to the Mattiazzis is the delay in receiving medical assistance—a delay which was in effect "caused" by Hartnek leaving the scene of the accident. It is this receipt of medical attention with the least possible delay which has been characterized as the "obvious" intent of the legislature. *Link v. State,* 217 Wis. 582, 585, 259 N.W. 428, 429 (1935).

Hartnek also raises the specter of a motorist being charged three times for a single hit-and-run—one charge for each subsection of sec. 346.67(1), Stats. Although an issue of prosecutorial discretion may be raised by such a charging decision, neither the facts of this case nor the issues raised requires that we reach a decision based on a hypothetical set of facts. *See Pension Management, Inc. v. DuRose,* 58 Wis. 2d 122, 128, 205 N.W.2d 553, 555–56 (1973).

Finally, Hartnek draws our attention to a recent Illinois case which held that a defendant could only be convicted once for leaving the scene of an accident. *People v. Sleboda,* 519 N.E.2d 512, 522 (Ill. App. Ct. 1988). *Sleboda* does not state any Illinois precedent for its decision, and in light of existing Wisconsin law on multiplicity, we are not persuaded to follow the Illinois decision.

We conclude that the factors discussed above evince a legislative intent that charging one violation of sec. 346.67, Stats., for each person injured does not exceed the allowable unit of prosecution. Hartnek's postconviction motion was therefore properly denied.

*By the Court.*—Order affirmed.