ANN WALSH BRADLEY, J.
¶ 31. (dissenting). In reading the five paragraphs of the majority's brief statutory analysis, one would never guess that the issue presented is one of first impression in this state. The petition for review states the issue as follows: Did the court of appeals err when it looked "beyond the statutory elements of Guarnero's prior racketeering conspiracy conviction and conclude that his prior conviction was a second or subsequent offense."
1 32. Nor would one likely guess that in a one-sentence pronouncement, tucked away in its application discussion, the majority actually answers this question of first impression — without any acknowledgement that it is doing so and without any analysis whatsoever.
¶ 33. Our responsibility to develop and clarify the law is not well served by the majority's failure to acknowledge the issue and subject it to analysis. It is *876 particularly problematic because this issue is not only one of first impression but also one of statewide importance having the potential to affect the interpretation of numerous criminal statutes.
¶ 34. The court of appeals forthrightly addressed the issue and after a thorough analysis adopted an approach called the modified categorical approach, meaning in essence that in applying "related to" a court may look beyond the statutory elements of the conviction to limited extraneous documents. The court of appeals, however, did not have the benefit of the most recent United States Supreme Court decision, which, along with other precedent, appears to suggest a contrary result. The majority has the benefit of Mellouli v. Lynch, 135 S. Ct. 1980 (2015), decided June 1, 2015, but its opinion fails to discuss it, referencing the case only briefly in a single footnote.
¶ 35. Regardless of whether we adopt as a matter of first impression the categorical approach (looking to the elements only) or a modified categorical approach (looking beyond the elements to extraneous documents), one thing is clear: neither the statute, Wis. Stat. § 961.41(3g)(c), nor its legislative history answers the question. They are silent on the issue of how broadly or narrowly the term "related to" should be defined.
¶ 36. Because it is unclear if "related to" should be narrowly construed, limited to looking only at the statutory elements, or more broadly construed, looking beyond the elements, the statute is ambiguous. Given the ambiguity, I would apply the rule of lenity which dictates that ambiguity in penal statutes be interpreted in favor of the defendant. Accordingly, I respectfully dissent.
*877 I
¶ 37. The majority's statutory analysis of Wis. Stat. § 961.41(3g)(c) is truncated. Consisting of a mere five paragraphs, it is limited to consulting a dictionary definition of "relate" and a case addressing the interpretation of "relate" with respect to a different prior offense. Majority op., ¶¶ 13-17.
¶ 38. Based on its determination that "relating to" means "connected with" or "linked to" the majority determines that the statutory language is clear. Tucked away in its application discussion, and without analysis, the majority makes a one-sentence pronouncement that answers the issue of first impression without acknowledging that it is doing so. It chooses the modified categorical approach, allowing for looking beyond the statutory elements to a limited class of other documents: "[w]hen the statute underlying a prior conviction presents alternative methods of violating the statute, it is appropriate to consult a limited class of documents to determine what statutory alternative formed the basis for the defendant's prior conviction." Id., ¶ 21.
¶ 39. Ultimately the majority declines to follow the rule of lenity, which dictates that ambiguous or uncertain penal statutes be interpreted in favor of defendants. Having determined that the statutory language is clear, it concludes that the rule of lenity does not apply. Id., ¶ 27.
II
¶ 40. The majority's analysis of the statutory language begs the question. Just as "relating to" fails to inform how broadly or narrowly those words should *878 be defined, so do the substitute words "connected with" and "linked to." They are mere synonyms, providing no additional insight into how broadly or narrowly the term "relating to" should be defined.
¶ 41. We are left to question if a reference to controlled substances in a document relating to the conviction will suffice to render it a conviction relating to a controlled substance, or if the involvement of controlled substances must be an element proved in obtaining the conviction. Thus, defining the words "relating to" as "to be connected with or linked to" does not answer the issue before us: Did the court of appeals err when it looked "beyond the statutory elements of Guarnero's prior racketeering conspiracy conviction and conclude that his prior conviction was a second or subsequent offense?"
¶ 42. The parties debate between two possible approaches for answering this issue. Guarnero contends that the categorical approach should govern. Under that approach, a court's inquiry into a past conviction is limited to considering the elements of the statute violated. If a relationship to controlled substances is not required in order for there to be a conviction under the statute, then it could not be considered a conviction relating to controlled substances.
¶ 43. In contrast, the State advocates for the modified categorical approach. That approach would permit the court to consult a limited number of extraneous documents to determine if the prior conviction involved controlled substances.
¶ 44. This court has not previously addressed the debate over whether to adopt the categorical approach or the modified categorical approach. The issue is one of first impression that may have far-reaching *879 effects due to the host of Wisconsin statutes depending on the characterization of prior offenses. See, e.g., Wis. Stat. §§ 939.615(2)(b), 939.618(2), 939.619(2), 940.43(5), 940.45(5).
¶ 45. Ignoring the debate, the majority takes an approach that appears to be contrary to the well-established approach recently affirmed by the United States Supreme Court, without any explanation why. Without commenting on the lengthy briefing and murky case law on this issue, and without acknowledging it as an issue, the majority addresses it in a single sentence. It announces "[w]hen the statute underlying a prior conviction presents alternative methods of violating the statute, it is appropriate to consult a limited class of documents to determine what statutory alternative formed the basis for the defendant's prior conviction." Majority op., ¶ 21 (citing Descamps v. United States, 133 S. Ct. 2276, 2285 (2013)).
¶ 46. A recent pronouncement of the United States Supreme Court suggests this is error.
¶ 47. In Mellouli v. Lynch, 135 S. Ct. 1980 (June 1, 2015), the Supreme Court considered whether a state drug conviction qualified as a law "relating to a controlled substance" under a federal deportation statute, 8 U.S.C. § 1227(a)(2)(B)(i). The Court observed that the definition of "controlled substance" in the state law included at least nine substances not included in the federal list of controlled substances. Id. at 1984, 1988.
¶ 48. The Court also acknowledged that there is a long history of limiting an assessment of a conviction to the language of the statute and disallowing an examination of the facts underlying the crime. Id. at 1986-87. Following that history, the Court did not use the modified categorical approach of consulting extra *880 neous documents. Rather, it focused on the words of the statutes and determined that because the definition of controlled substances in the state law was broader than that in the federal law, the state crime did not constitute a conviction relating to controlled substances. Id. at 1988.
¶ 49. This case appears analogous to Mellouli. As with Mellouli, the statute that the defendant previously violated, 18 U.S.C. § 1962(d), contains a phrase that is broadly defined such that a conviction under the statute may or may not be a prior conviction relating to controlled substances.[1] As with Mellouli, the face of the statute Guarnero violated does not reveal which portion of the definition was the basis for his conviction. Thus, there is a strong implication that like Mellouli, the analysis should end there with the conclusion that Guarnero's prior conviction does not qualify as a crime relating to controlled substances. Extraneous documents relating to his conviction should not be consulted.
¶ 50. Rather than analyzing this case law, the majority supports its approach with a single citation, "See Descamps v. United States." Majority op., ¶ 21. However, Descamps does not clearly support its decision to use the modified categorical approach because it clarifies that the approach applies only in limited circumstances.
¶ 51. In Descamps the Court considered whether the violation of a state statute prohibiting burglary qualified as a violent felony under the Armed Career Criminal Act (ACCA). 133 S. Ct. 2276. The state statute at issue contained a broader definition of *881 burglary than the definition in the ACCA. The Court observed that when a state law defines a crime in the alternative, a court may "examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." Id. at 2284. However, it stressed that this approach, referred to as the modified categorical approach, applies only to a "narrow range of cases." Id. at 2283-84 (citing Taylor v. United States, 495 U.S. 575 (1990)). "Our decisions authorize review of the plea colloquy or other approved extra-statutory documents only when a statute defines burglary not (as here) overbroadly, but instead alternatively. . . ." Id. at 2286.
¶ 52. Ultimately the Descamps Court determined that the modified categorical approach was inapplicable to the state statute it was considering because the statute merely defined burglary more broadly than the federal statute and did not contain alternative elements. Id. at 2285. Because an individual could violate the state statute without committing a violent felony, the court concluded that the state conviction could not qualify as a violent felony conviction. Id.
¶ 53. The majority makes no attempt to determine whether a crime involving a controlled substance was an element of Guarnero's RICO conviction or was merely part of a broad definition of "racketeering activity." Descamps and Mellouli stress this is an important distinction because a court may not apply the modified categorical approach where there is merely a broadly defined term.[2]
*882 Ill
¶ 54. Regardless if it is determined as a matter of first impression that the categorical approach or the modified approach controls, I determine that the rale of lenity should be applied here.
¶ 55. As the United States Supreme Court has stated, "construction of a criminal statute must be guided by the need for fair warning." Crandon v. United States, 494 U.S. 152, 160 (1990). The rule of lenity "ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered." United States v. Lanier, 520 U.S. 259, 266 (1997). Thus, when a criminal statute is ambiguous and is not clarified by resort to legislative history, that penal statute "should be construed strictly against the party seeking to exact statutory penalties and in favor of the person on whom statutory penalties are sought to be imposed." State v. Morris, 108 Wis. 2d 282, 289, 322 N.W.2d 264 (1982).
¶ 56. Here, the legislative history does not shine any light on our inquiry. Although Wis. Stat. *883 § 961.41(3g)(c) has been renumbered, the language at issue in this case has been almost unchanged since its initial enactment in 19 71.[3] It was enacted as part of Wisconsin's Uniform Controlled Substances Act. That Act was "a product of the National Conference of Commissioners on Uniform State Laws (NCCUSL)." State v. Hansen, 2001 WI 53, ¶ 16, 243 Wis. 2d 328, 627 N.W.2d 195. Where the legislature enacts a uniform act provision, we consider the intent of the drafters of the uniform law, and "will presume the intent of the drafters is the intent of the legislature in the absence of evidence to the contrary." Id. A review of the comments, however, provides no guidance here because they do not address how "relating to" should be defined. See NCCUSL, Uniform Controlled Substances Act § 408, Comment (1970), in Handbook of the National Conference of Commissioners on Uniform State Laws and Proceedings of the Annual Conference Meeting in its Seventy-Ninth Year (1970); NCCUSL, Uniform Controlled Substances Act § 413, Comment (1990), in Handbook of the National Conference of Commissioners on Uniform State Laws and Proceedings of the Annual Conference Meeting in its Ninety-Ninth Year (1990); NCCUSL, Uniform Controlled Substances Act § 413, Comment (1994), avail *884 able at www.uniforxnlaws.org/shared/docs/controlled %20substances/UCSA_final%20_94%20with %2095amends.pdf.
¶ 57. Given the ambiguity in the statute which is left unanswered by the legislative history, the majority should have applied the rule of lenity. There are two criteria for application of the rule of lenity: "(1) the penal statute is ambiguous; and (2) [a court is] unable to clarify the intent of the legislature by resort to legislative history." State v. Luedtke, 2015 WI 42, ¶ 73, 362 Wis. 2d 1, 863 N.W.2d 592.
¶ 58. As discussed above, both of these requirements are met. We have oft stated that "a statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more senses." State ex rel. Kalal v. Circuit Court, 2004 WI 58, ¶ 47, 271 Wis. 2d 633, 681 N.W.2d 110. Wisconsin Stat. § 961.41(3g)(c) can reasonably be interpreted in two ways: one that looks beyond the statutory elements, and one that considers only the statutory elements. In other words, one in which a reference to controlled substances in extraneous documents relating to a conviction could suffice to render it a conviction relating to a controlled substance, or one in which the involvement of controlled substances must be an element proved in obtaining the conviction. Therefore the statute is ambiguous.
¶ 59. The legislative history is silent on the issue. As a result, the court is unable to clarify the intent of the legislature by resort to legislative history. Having met both requirements, application of the rule of lenity is appropriate and Guarnero's RICO conviction should not be considered a prior conviction relating to controlled substances.
*885 ¶ 60. Accordingly, for the reasons set forth above, I respectfully dissent.
¶ 61. I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this dissent.

 The definition of "racketeering activity," refers to approximately 90 different crimes, including some involving controlled substances. 18 U.S.C. § 1961(1).

 The United States Supreme Court has also recently reaffirmed that courts must use the categorical approach *882 when deciding whether a conviction constitutes a prior conviction for a violent felony under the Armed Career Criminal Act. Johnson v. United States, No. 13-7120, 576 U.S. _ (June 26, 2015). Both the majority and the dissent in Johnson analyzed the issue of which approach should be applied. The dissent advocated for the modified categorical approach, but the majority of the Court decided otherwise. In choosing between the two approaches it stated: " '[T]he only plausible interpretation1 of the law, therefore, requires use of the categorical approach." Id. (quoting Taylor v. United States, 495 U.S. 575, 602 (1990).
The analysis and discussion of the issue by both the majority and the dissent likewise reaffirms that selecting an approach requires a more detailed analysis than the majority's single sentence.

 Wisconsin Stat. § 161.41(2r)(b) (1971) stated:
For purposes of this subsection, an offense is considered a 2nd or subsequent offense if, prior to his conviction of the offense the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to controlled substances, narcotic drugs, marijuana or depressant, stimulant or hallucinogenic drugs.
The only difference between this language and the current version of Wis. Stat. § 971.41(3g)(c) is that the words "any felony or misdemeanor under this chapter" have been inserted into the description of a conviction.